JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9086 PA (ASx) | Date | December 27, 2022 |
|---|---|---|---|
| Title | Saleh Sportswear, Inc. v. Hercules Forwarding, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendant Hercules Forwarding, Inc. ("Defendant"). (Notice of Removal, Docket No. 1.) Defendant asserts that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1337, as plaintiff Saleh Sportswear, Inc.'s ("Plaintiff's") claims arise out of an Act of Congress regulating commerce and the action is controlled by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiff originally commenced this action in the Superior Court of California for the County of Los Angeles on October 27, 2022. (Notice of Removal Ex. A ("Complaint"), Docket No. 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Here, Defendant's Notice of Removal fails to adequately allege this Court's subject matter jurisdiction. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9086 PA (ASx) | Date | December 27, 2022 |
|---|---|---|---|
| Title | Saleh Sportswear, Inc. v. Hercules Forwarding, Inc., et al. | | |

exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Defendant contends that the Court has original jurisdiction because this action is completely preempted under the Carmack Amendment. "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 688 (9th Cir. 2007). Therefore, "[i]f a plaintiff brings a contract action against an inter-state carrier for any of these reasons, and the amount in controversy exceeds $10,000, then the defendant may properly remove the case to federal court." White v. Mayflower Transit, L.L.C., 543 F.3d 581, 584 (9th Cir. 2008) (citing Hall, 476 F.3d at 688-89).

Here, there are no facts in the Notice of Removal or the Complaint from which the Court can plausibly conclude plaintiff's claims are preempted. A copy of the contract at issue is not attached, and there are no facts indicating that Plaintiff's claim is based on an interstate-shipping contract. Both Plaintiff and Defendant are California corporations. (Notice of Removal ¶ 1.) In May and June 2022, Plaintiff requested the transport of footwear and apparel from Nike, Inc.'s distribution facilities to Plaintiff's California facility, but there are no facts showing the goods traveled through interstate commerce. (Notice of Removal ¶ 3.) Beyond Defendant's conclusory allegation that Plaintiff's claims arise out of interstate commerce, Defendant has failed to persuade the Court that this action concerns an interstate-shipping contract.

For the foregoing reason, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California in Los Angeles, Case No. 22STCV34493, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.